IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CALVIN EUGENE BARNETT, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. CIV-09-176-JHP-SPS |
| CHARLES RAY; ROBERT EZELL; BILL BOYD; DENNIS JOHNSON; YANDELL; MRS. CARTWRIGHT; MRS. MOORE; and BREWER; | ) ) ) ) ) ) | |
| Defendants. | ) | |

ORDER

This matter comes before the Court on Defendants' Motion to Dismiss (Doc. 24). Defendants request dismissal of Plaintiff's action on the grounds that it is barred by Oklahoma's statute of limitations. In Oklahoma, the statute of limitations for a civil rights cause of action is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). Section 1983 claims accrue , for the purpose of the statute of limitations, "'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980), *cert. denied*, 450 U.S. 920 (1981) (quoting *Bireline v. Seagondollar*, 567 F.2d 260, 263 (4th Cir. 1977), *cert. denied*, 444 U.S. 842 (1979)). Although Plaintiff's Complaint does not specify when the defendants "knowingly and intentionally confiscated; destroyed Petitioner (sic) property, without due process of law," on September 2, 2009, Plaintiff filed a brief in which he states that the institutional shakedown in which his headphones were broken occurred on May 4, 2005

(Doc. 31). Plaintiff's claims, therefore, accrued in May, 2005. Thus, Plaintiff had until May 4, 2007 to file this action.

Plaintiff originally filed his § 1983 Complaint on April 28, 2008. *See*, *Barnett v. Ray*; CIV-08-157 (Doc. 1). That action was dismissed without prejudice on September 4, 2008 for failure to pay the filing fee as directed by the court. *Id*., Docs. 16 and 17. Since the original complaint was not timely filed, this Court finds the statute of limitations bars Plaintiff's § 1983 cause of action.

Accordingly, this Court finds the Defendants' Motion to Dismiss (Doc. 24) should be and hereby is GRANTED. Additionally, this Court finds Plaintiff's Motion for Hearing (Doc. 25), Plaintiff's Motion for Summary Judgment (Doc. 31), Plaintiff's Motion for Default Judgment against all defendants (Doc. 38), Plaintiff's Motion to Quash (Doc. 41), and Plaintiff's Motion to Stay (Doc. 42) are DENIED, as moot.

It is so ordered on this __22nd__ day of January, 2010.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma